IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-566-CR




DONALD GLEN TREADWELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0913790, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment at
imprisonment for fifteen years. Tex. Penal Code Ann. § 29.03 (West Supp. 1993). We will
affirm. 

 On June 8, 1991, appellant entered the home of Annie and J. D. Pinkerton. He
struck Mrs. Pinkerton, age seventy-four, several times and demanded that she give him money. 
Appellant then seized Mr. Pinkerton, age ninety-one, threw him to the floor, and took his wallet. 
Appellant fled on foot, but was arrested a few minutes later at a nearby apartment building. 

 Appellant was returned to the Pinkerton residence following his arrest. The
Pinkertons identified appellant as their assailant after viewing him through a window while he
stood in the front yard. When Austin police officer Brian Gruetzner told appellant he was going
to jail for robbery, appellant began to shout, "I didn't rob any old people." In his only point of
error, appellant contends the district court erred by admitting this statement in evidence.

 Appellant argues that the statement should not have been admitted because it was
not shown to be material, relevant, and probative of the commission of the offense. Appellant did
not preserve this contention for review by voicing a timely objection to the evidence on this basis. 
Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1). Even if the point were properly before
us, error is not presented. Appellant relies on an opinion dealing with the spontaneous declaration
exception to the hearsay rule. Smith v. State, 646 S.W.2d 452, 457 (Tex. Crim. App. 1983). 
Appellant's statement to Gruetzner was not hearsay. Tex. R. Crim. Evid. 801(e)(2). The officer
testified that appellant had been given no information concerning the age of the victims, and that
the Pinkertons could not be seen through the window as they looked at appellant following his
arrest. The district court did not abuse its discretion by determining that appellant's statement,
which displayed a familiarity with the age of the victims, was relevant to the issue of appellant's
identity as the assailant. Tex. R. Crim. Evid. 401. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: January 12, 1994

Do Not Publish